Ronald E. Stadtmueller (SBN 140720)
10755 Scripps Poway Pkwy., #370
San Diego, CA 92131
Telephone: (858) 564-9310
ronstadtmueller@aol.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**JIMMIE T. CALAHAN** and<br><br>**JUDY D. CALAHAN**,<br><br>    Debtors. | Case No.: 16-03666-CL7<br><br>**MOTION FOR AUTHORITY TO SELL REAL PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF LIENS**<br><br>Date: **February 13, 2016**<br>Time: **10:00 A.M.**<br>Dept.: **Five**<br>**Honorable Christopher B. Latham** |

RONALD. E. STADTMUELLER, Chapter 7 Trustee herein ("Trustee"), pursuant to 11 U.S.C. §§ 105 and 363, respectfully submits this Motion for Authority to Sell Real Property of the Bankruptcy Estate Free and Clear of Liens.

The grounds for this motion herein are that the Trustee has entered into a California Residential Purchase Agreement and Joint Escrow Instructions for the sale of real property located at located at 494 Highland Oaks Lane, Fallbrook, CA 92028 (the "**Property**") for the purchase price of $787,000.00 to qualified buyers ("Buyers"). The Buyers "loan lock" is due to expire by mid-Feburary 2017, which cannot be satisfied without the Bankruptcy Court's approval of the sale of the Property. The Trustee herein has agreed to make his best efforts to accomplish the sale within the Buyers' intended timeframe.

This motion is based upon all documents, files, records, and pleading on file with the Court in this matter, the following Memorandum of Points and Authorities, the California Residential Purchase Agreement and joint Escrow Instructions and Addendum and Counteroffer thereto, the accompanying Declaration of Ronald E. Stadtmueller, the accompanying Declaration of real estate professional

Barbara Fennell, the accompanying Declaration of buyer, John J. Quinn, and such other and further oral and documentary evidence which may be presented at any hearing on this motion.

Dated: January 16, 2017                    By:  /s/ Ronald E. Stadtmueller
                                                Ronald E. Stadtmueller

## MEMORANDUM OF POINTS AND AUTHORITIES

### JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Basis for the relief requested at 11 U.S.C. §§ 363(b), (f), and (m), and Federal Rules of Bankruptcy Procedure 2002 and 6004.

### STATEMENT OF FACTS

4. Jimmie T. Calahan and Judy D. Calahan ("**Debtors**") filed their Chapter 7 voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on June 16, 2016 ("**Petition Date**"). (Court Docket No. 1.)

5. Thereafter, Ronald E. Stadtmueller was appointed as the Chapter 7 trustee in this case ("**Trustee**"). (Court Docket No. 7.)

6. The Trustee held the first 341 meeting on July 14, 2016, and continued such meetings on August 16, 2016, August 23, 2016, September 7, 2016, September 15, 2016, October 5, 2016, and November 1, 2016. (*See* accompanying Declaration of Ronald E. Stadtmueller, filed herewith and incorporated herein by reference, at ¶ 2; *see also* notices for such meetings at Court Docket Nos. 7, 18, 22, 27, 30 and 34, respectively.)

7. The Debtors are the sole owner of real property located at 494 Highland Oaks Lane, Fallbrook, CA 92028 (the "**Property**").

*Legal Description: Lot 32 of County of San Diego Tract No. 4062-2, in the County of san Diego, State of California, according to map thereof No. 11999, filed in the office of the County Recorder of San Diego County, January 27, 1988.*

8. The Debtors' schedules reflect that the Property is currently worth $744,201.00, but is subject to a mortgage lien in favor of Chase Mortgage ("**Chase**") in an amount of $137,985.00, as well as a lien in favor of Wells Fargo Home Mortgage ("**Wells Fargo HM**") in the amount of $897,745.00. (Court Docket No. 23-1, pp. 11-12.)

9. However, pursuant to its Motion for Relief from Automatic Stay ("**Motion for Relief from Stay**") (Court Docket No. 35), Wells Fargo Bank, N.A. ("**Wells Fargo**")[1] possesses the first mortgage lien on the Property in the amount of $875,000.00, which lien was recorded on August 11, 2006. ("**First Lien**" or "**Senior Lien**") (See Exhibits A and B attached to Motion for Relief from Stay, Court Docket No. 35.) Furthermore, pursuant to such Motion for Relief from Stay, the principal amount owed Wells Fargo was approximately $897,745.30 as of October 10, 2016. (Court Docket No. 35-1, ¶ 13.)

10. Furthermore, pursuant to the Preliminary Title Report provided by Equity Title Company dated November 15, 2016, there exists four (4) liens of the Property, as follows:

(1) First Deed of Trust: Recorded August 17, 2006
    Beneficiary: Wells Fargo Bank, N.A
    Amount: $875,000.00

(2) Second Deed of Trust: Recorded November 8, 2006
    Beneficiary: Associated Realtors
    Amount: $38,000.00

(3) Third Deed of Trust: Recorded May 3, 2007
    Beneficiary: Associated Realtors
    Amount: $25,000.00

(4) Fourth Lien: Recorded March 30, 2016

---

[1] According to its Motion for Relief from Automatic Stay, Wells Fargo Bank, N.A., acts as a servicing agent for HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates. Therefore, all references herein to "**Wells Fargo**" refer to the entity which holds the lien to the Property.

      Beneficiary:  Rainbow Water District
      Amount: $219.93

A true and correct copy of the Preliminary Title Report is attached hereto at *Exhibit A* and incorporated herein by reference.

    11.    According to the Preliminary Title Report, there is no lien currently held by Chase Mortgage, contrary to debtor's schedules and Wells Fargo's Motion for Relief From Stay.

    12.    Based on the lien information provided to the Trustee, it is apparent that the estate has no equity in the Property as listed in Debtors' schedules or pursuant to the Preliminary Title Report.  In addition the "junior" liens of Associated Realtors are without value in light of the current market value of the Property.

    13.    Pursuant to an order entered September 21, 2016, the Trustee was authorized to employ BK Global Real Estate Services ("**BKRES**") and Coldwell Banker Residential Brokerage ("**Listing Agent**") to market, sell and negotiate with the first lienholder on the Property.  (Court Docket No. 32.) Such order provided that the Trustee could sell the Property at the highest price that the market could bear, waive the resulting deficiency claims, and pay a 11 U.S.C. § 506 surcharge to provide a carveout for the benefit of the estate and to pay all other sales expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.  (*See* Court Docket No. 26, 32.)  Barbara Fennell is the real estate agent employed by the Listing Agent with whom the Trustee has been working to market and sell the Property.  *See* accompanying Declaration of Barbara Fennell, filed herewith and incorporated herein by reference.

    14.    The Trustee, after reviewing pertinent materials, including (without limitation) the sales analysis report and opinion of value for the Property provided by BK Global Real Estate Services ("**BKRES**"), and Coldwell Banker Residential Brokerage ("**Listing Agent**"), determined it to be in the best interest of the Debtors' estate and all creditors to negotiate to obtain the Secured Creditor's agreement and consent ("**Consent**")

        a.    a public sale approved by the Court;

        b.    buy the Property from the Debtors' estate if (and only if) no such offer is made;

    c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale and provide a carveout for the benefit of allowed unsecured creditors of the Debtors' estate.

15. Wells Fargo has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and the Senior Lien recorded in the official Records of San Diego, California, at O.R. No. 2006-0586662, and that as of October 10, 2016, the total amount due Wells Fargo was $897,745.30 (the "**Secured Creditor Indebtedness**").

16. The Property, based on the Schedule "D" filed by the Debtors, and the Title Report, is not encumbered by any additional liens other than those listed above. Based upon information provided by the Debtors, Wells Fargo in its Motion for Relief from Stay, and the PreliminaryTitle Report, the Trustee believes that the junior claims are completely unsecured given the value of the Property and should be treated as a general unsecured claim unless any alleged secured creditors timely object in response to this Motion to the treatment of such claims as (at best) a general unsecured claim and substantiates to the Trustee and the Court's satisfaction the basis for such asserted secured claim.

17. The Trustee expected BKRES and Listing Agent to obtain the Consent of all Secured Creditors and to request the filing of a motion seeking an order approving the sale of the property. (Court Docket No. 32.) On December 29, 2016, BKRES and Listing Agent obtained the conditional Consent of Secured Creditor subject to the filing of a Motion to Approve a Consented Public Sale of the Property (see attached exhibit "D") and have requested the filing of this motion seeking an order approving the sale of the Property.

18. The Trustee received an offer from John J. Quinn and Patricia L. Quinn ("Buyers") to purchase the Property for $787,000.00 as a short sale. A copy of the Short Sale Affidavit, along with the California Residential Purchase Agreement with Addendum and Counteroffer thereto is attached hereto as Exhibit B and incorporated herein by reference. On page 2 of the Preliminary Title Report it

reflects that title to the Property is vested in debtors Jimmie T. Calahan and Judy D. Calahan as trustees of the Calahan 2012 Revocable Family Trust.

19. The Property will be sold in "as is, where is condition" without any representations or warranties and transferred by quitclaim deed. It will be sold subject to all easements, recorded restrictions and covenants running with the land.

20. As a result of the sale of the Property, Wells Fargo as the first mortgage lienholder will be paid short of the total amount of the lien currently due and owing. All other lienholders are estimated to get minimal or no payment for the value of their liens. See Seller's Estimated Settlement Statement provided by West Coast Escrow, attached hereto as *Exhibit C* and incorporated herein by reference.

21. Additionally, pursuant to 11 U.S.C. § 363(m) the Trustee is requesting a finding that the Property is being sold in good faith, without coercion or duress. See accompanying Declaration of John J. Quinn in support hereof.

22. Finally, in light of the urgency to close this transaction by mid-February 2017, the Trustee respectfully requests a waiver of the 14-day stay of the Sale Order pursuant to Federal Rule of Bankruptcy Procedure 6004(h).

## STATEMENT OF LAW

### I. 11 U.S.C. § 363(f) Allows for the Sale of Real Property Free and Clear of Liens and Interests.

11 U.S.C. § 363(f) governing the sale of property of the estate free and clear of liens and interests provides that:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or

> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

The Trustee seeks authority to sell the Property pursuant to 11 U.S.C. § 363(f)(1) and (2). *See* In re Smart World Techs., LLC, 423 F. 3d 166, 169 n. 3 (2nd Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities." *See also* In re MMH Auto. Group, LLC, 385 B.R. 347, 367 (Bank S.D. Fla. 2008). The Trustee can satisfy § 363(f)(2) of the Bankruptcy Code in that Wells Fargo, as the secured creditor, consents to the sale of the Property under § 363(f)(2) free and clear of all liens, claims, encumbrances and interests.

The Trustee further requests that any creditor asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than five (5) days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2] Failure to object after proper notice and opportunity to object is deemed consent. *See* BAC Home Loans Servicing LP v. Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 20110; Citicorp Homeowners Servs., Inc. v. Elliott, 94 B.R. 343 (E.D. Pa. 1988); In re Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); Futuresource LLC v. Reuters Ltd., 312 F.3d 281 (7th Cir. 2002). The Trustee does not anticipate any opposition from any of the lien holders. (Stadtmueller Declaration, ¶ 24.)

**II.    The Trustee Requests Authority to Complete the Sale of the Property Immediately.**

Federal Rule of Bankruptcy Procedure 6004 (h) provides:

> An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, **unless the court orders otherwise**.

FRBP 6004 (h)[emphasis added.]

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

7

As contained in the Declaration of John J. Quinn accompanying this motion, the Buyers' "loan lock" expires mid-February 2017.  Accordingly, it is imperative that the Debtors and all occupants vacate the Property by February 8, 2017, assuming no stay pending appeal has been issued.  Therefore, the Trustee herein requests that the Court order authorizes that the sale of the subject property be completed immediately upon entry of its order herein.

### III.     The Consented Sale Will be Undertaken by the Buyers in Good Faith.

11 U.S.C. § 363(m) protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under § 363(b) was later reversed or modified on appeal.  A sale of the Property should be found to have been in good faith if the trustee can demonstrate the transaction occurred at arm's length and without fraud or collusion.  See <u>Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (</u>In re Colony Hill Assocs.), 11 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involved fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." [cites omitted].

Here, the Trustee asserts that the sale of the Property pursuant to the Consented Sale has utilized a competitive and transparent market place that facilitated an arm's length sale without fraud or collusion.  (*See* Declaration of John J. Quinn and Declaration of Barbara Fennell, filed herewith.)  Accordingly, the Trustee respectfully requests that the Court find that the Buyers will be entitled to the protections of 11 U.S.C. § 363(m).

### CONCLUSION

The Trustee had entered into a sales agreement for the Property and the sale will provide substantial proceeds for the distribution to creditors of the bankruptcy estate. The Trustee believes that the sale is in the best interest of the bankruptcy estate and creditors thereof.  The Trustee is authorized to sell the Property of the bankruptcy estate pursuant to 11 U.S.C. § 363(f).

WHEREFORE, RONALD E. STADTMULLER, Chapter 7 Trustee herein, respectfully requests that

1.     That Court grant the Trustee's Motion for Authority to Sell Real Property Free and Clear of Liens; and

2. The mortgage lien of Wells Fargo will be paid short in light of the short sale;

3. Real estate broker commissions at approximately 6% of the sales price (broker employment previously approved by the Court), normal closing costs and pro-rated property taxes to be satisfied out of the sale proceeds;

4. That the Court find that the sale of the Property was made in good faith and occurred at arm's length and without fraud or collusion;

5. That the 14-day stay pursuant to Federal Rule of Bankruptcy Procedure 6004(h) be waived and the sale order be deemed enforceable immediately upon entry; and

6. For such other and further relief as this Court deems just and proper.

Dated: January 16, 2017           /s/ Ronald E. Stadtmueller
                                  Ronald E. Stadtmueller
                                  Chapter 7 Trustee